IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. TERRY E BENNETT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-13-166-HE ) |
| 1. WARDICE WHITE; and<br>2. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) ) ) ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, State Farm Mutual Automobile Insurance Company[1] ("State Farm"), pursuant to 28 U.S.C. §§1332, 1441 and 1446, Rule 38(b) of the Federal Rules of Civil Procedure and Local Civil Court Rule 81.1 of the United States District Court for the Western District of Oklahoma, hereby Specially Appears and files this Notice of Removal of this case from the District Court of Oklahoma County, Oklahoma, in which court this case is pending, to the United States

---

[1] Plaintiff names State Farm Mutual Automobile Insurance Company in the caption of his Petition. However, in the first paragraph of his Petition, he names two non-entities, "State Farm Automobile Insurance Company" and "State Farm General Insurance Company", whom he identifies as "State Farm" in other parts of the Petition. He also refers to a third non-entity, "State Farm Insurance Companies," in the Certificate of Service. As those are non-entities, they are not proper parties to this action, they have not been properly served, and Plaintiff has failed to state a claim for which relief can be granted against them.

District Court for the Western District of Oklahoma, being the district embracing the place where the case is pending. In support of this Notice of Removal, Defendant State Farm states the following:

## Timeliness of Removal

1. Plaintiff commenced this action by filing the Petition in the District Court of Oklahoma County, on January 22, 2013, and claims that he sustained damages in Oklahoma County, Oklahoma. *See* Petition.

2. As stated in the "Certificate of Service" on the Petition, Plaintiff "served" the Petition by mailing it to "State Farm Insurance Companies" at a post office box in Dallas, Texas. The Petition was received at the stated post office box address on January 28, 2013. This is not proper service as required by 12 O.S. § 621, which requires service on a foreign insurance company by serving the Oklahoma Insurance Commissioner as follows:

> A. Each authorized foreign or alien insurer shall appoint the Insurance Commissioner as its agent to receive service of legal process, other than a subpoena, issued against it in this state upon any cause of action arising from its transaction of business in this state. The appointment shall be irrevocable, shall bind any successor and shall remain in effect as long as there is in force in this state any contract made by the insurer or obligations arising therefrom.
>
> B. Service of such process against a foreign or alien insurer shall be made only by service of process upon the Insurance Commissioner. . . .

12 O.S. § 621.

2

3. State Farm enters a Special Appearance only and does not waive its rights to be properly served, to assert that it is not a proper party to this lawsuit, or to assert that Plaintiff has failed to state a claim for which relief can be granted.

4. In accordance with 28 U.S.C. § 1446(a) and LCvR 81.2, a certified copy of the Docket Sheet and a copy of all documents filed or served in the Oklahoma County case are attached to this Notice of Removal as **Exhibit Nos. "1" through "5".**

5. This removal was effected within 30 days of receipt of the Petition at the post office box address of a State Farm office and is timely. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999) (notice of removal is timely under 28 U.S.C. §1446(b) if filed within 30 days after service of the complaint).

## Diversity Jurisdiction

6. Plaintiff is an individual who is a citizen of the State of Oklahoma.

7. State Farm is a foreign insurance company incorporated in the State of Illinois and its principal place of business is in the State of Illinois. State Farm is licensed to do business in the State of Oklahoma. Therefore, it is deemed to be an Illinois citizen for the purpose of diversity.

8. Defendant Wardice White is believed to be a citizen of the State of Oklahoma. However, her citizenship can be ignored and it does not destroy complete

diversity because Plaintiff has failed to state a claim for which relief can be granted against White, and, under the facts alleged in this insurance breach of contract and bad faith action, Plaintiff has stated no valid claim and has no possibility of recovery against White, who was a passenger in the vehicle driven by Plaintiff at the time of the accident. *See, e,g., Fine v. Braniff Airways, Incorporated*, 302 F.Supp. 496 (W.D. Okla. 1969).

9. When it does not involve any actual fraud in the pleading of jurisdictional facts, the question of fraudulent joinder is closely related to the question of whether a cause of action is stated against a non-diverse defendant. *See, e.g., Smith v. Bar-S Foods Co.*, 2006 WL 1134938 (W.D. Okla.)(Not Reported in F.Supp.2d). If a non-diverse defendant is fraudulently joined, the remaining parties will be completely diverse and the Court may exercise subject matter jurisdiction. *See, e.g., American Nat. Bank & Trust Co. Of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991). To prove a party has been fraudulently joined, the defendant has the burden to "demonstrate that there is no possibility that [plaintiff[ would be able to establish a cause of action against [the joined party] in state court." *See Shue v. High Pressure Transports,* LLC, 2010 WL 4824560 (N.D. Okla.) (Not reported in F.Supp.2d) (citing *Hart v. Bayer Corp.*, 199 F.3d 239 , 246 (5th Cir. 2000).

10. A defendant can prove fraudulent joinder by showing that either: (1) plaintiff's jurisdictional allegations are fraudulent and made in bad faith; or (2) plaintiff has no possibility of recovery against the non-diverse defendant. *See, e.g., Slover v.*

4

*Equitable Variable Life Ins. Co.*, 443 F.Supp.2d 1272, 1279 (N.D. Okla. 2006). Here, there is no possibility of recovery by Plaintiff against White as there is no recognized cause of action in Oklahoma for insurance breach of contract or bad faith against an individual such as White. Thus, there is no possibility Plaintiff could recover against White in state court or any court.

11. Furthermore, Plaintiff has not stated any claim against Wardice White in his Petition. His only mention of her in the Petition is (1) naming her in the style and opening paragraph, (2) identifying her in paragraph 3 as a passenger in the vehicle at the time of Bennett's motor vehicle accident, and (3) listing her in the Certificate of Service. No claim is stated as to what breach or wrongful act or omission she may have committed and no claim is made for damages against her. In addition, any negligence claim against White, even if Plaintiff wanted to make such a claim, would be barred since the accident occurred on March 5, 2009, and the Petition was not filed until January 22, 2013. 12 O.S. § 95(A)(3). There is not and cannot be any valid claim by Plaintiff against Wardice White in this matter. Thus, the case is removable based on Plaintiff's failure to state a claim against White and/or possible fraudulent joinder of White.

12. If no cause of action is stated against a non-diverse Defendant, the removed case should be entertained and eventually the non-diverse Defendant should be eliminated from the suit on his/her motion to dismiss for failure of the Plaintiff to state a claim against her on which relief may be granted. *See, e,g., Fine v. Braniff Airways,*

*Incorporated*, 302 F.Supp. 496, 497 (W.D. Okla. 1969).  Wardice White is not a proper party and may have been fraudulently joined if the purpose of naming her as a defendant serves only to frustrate federal jurisdiction or there is no possibility of the Plaintiff recovering against her. *See, e.g., Smoot v. Chicago, R.I. & P.R. Co.*, 378 F.2d 879 (10th Cir. 1967); *Estes v. Airco Service, Inc.*, 2012 WL 1899839 (N.D. Okla.)(a defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy" (quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Slover v. Equitable Variable Life Ins. Co.*, 443 F.Supp.2d 1272, 1276 (N.D. Okla. 2006); *Shue v. High Pressure Transports,* LLC, 2010 WL 4824560 (N.D. Okla.) (Not reported in F.Supp.2d).

13. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332 as there is complete diversity between Plaintiff and State Farm, and Plaintiff has failed to state a claim for which relief can be granted against the other Defendant, Wardice White, and/or has fraudulently joined Wardice White.  Therefore, removal is proper pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## Allegations and Claims in the Petition

14. According to Plaintiff's Petition, Plaintiff was an insured under a policy of insurance, Policy Number 36-A3609-051, issued by State Farm and which provided uninsured/underinsured motorist coverage to Plaintiff on March 5, 2009.  The Policy Number was 076192736C (the number 36-A3609-051 is a claim number rather than a

policy number), and was issued to the named insured, Wardice White, by non-party State Farm Fire and Casualty Company, not Defendant State Farm Mutual Automobile Insurance Company. The Policy included uninsured/underinsured motorist coverage in the amount of $25,000 per person/$50,000 per accident.

15. Plaintiff contends he was driving Wardice White's vehicle at or near the intersection of Olie Avenue on SW 29th Street in Oklahoma City when he was involved in an accident involving a hit-and-run driver on or about March 5, 2009.

16. State Farm paid $21,305.59 from uninsured motorist benefits to Plaintiff's health care providers for injuries he claimed he sustained in the accident. In this lawsuit, Plaintiff asserts that State Farm wrongfully paid the balance of $3,691.00 of his uninsured motorist benefits to the Oklahoma Department of Human Services ("DHS") Child Support Division on or about January 19, 2011.

17. Plaintiff claims that the payment to DHS Child Support Division constituted a breach of contract and bad faith. All of this is denied by State Farm as State Farm was required by Oklahoma law to honor the DHS Child Custody lien. *See,* 56 O.S. § 237B and 43 O.S. §§ 135 and 137; *see also* State Farm's Special Appearance and Motion to Dismiss filed contemporaneously herewith.

## Amount in Controversy

18. State Farm and its counsel represent to this Court their good faith belief that the amount in controversy is met for the following reasons:

    a.    Plaintiff's Petition includes allegations of breach of contract for which Plaintiff seeks compensatory damages in an amount in excess of $19,000,000.00, exclusive of interest and costs, including reasonable legal fees;

    b.    Plaintiff's Petition also includes allegations that State Farm violated its duty of good faith and fair dealing with Plaintiff for which Plaintiff seeks compensatory damages for mental anguish and suffering and loss of peace of mind in the amount of $19,000,000.00 plus punitive damages of $19,000,000.00, plus interest and costs, including a reasonable legal fee.

    c.    Plaintiff is seeking judgment against State Farm to recover actual and punitive damages in an amount exceeding the sum of $75,000.00, exclusive of interest and costs, which is in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. §1332 for actual and punitive damages.

19. While State Farm disputes Plaintiff's allegations, State Farm and its counsel have attempted in good faith to set forth the basis for establishing the amount in controversy in excess of $75,000.00 has been met in accordance with *Laughlin v. Kmart Corp.*, 50 F.3d 871 (10th Cir. 1995). *See also Schrader v. Farmers Insurance Company*, 2008 WL 2782710 (W.D. Okla.) (citing to *McPhail v. Deere & Co*. 529 F.3d 947 (10th Cir. 2008).

20. Pursuant to 28 U.S.C. §1446(a), State Farm acknowledges that this Notice of Removal is signed and filed herein pursuant to Rule 11 of the Federal Rules of Civil Procedure.

21. State Farm and its counsel acknowledge that the timing of this removal is governed by 28 U.S.C. §1446(b) which provides, in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Plaintiff seeks actual damages, as well as punitive damages. State Farm contends that removal is proper based upon the face of the Petition and that said removal has been done so timely. *See Martin v. Franklin Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (holding that a Section 1332(a) removal is appropriate only if the amount-in-controversy requirement is "affirmatively established" on the face of either the state court petition or the notice of removal.)

22. The Tenth Circuit has construed the language of 28 U.S.C. §1446(b) to mean that "the removal period does not begin until the defendant is able to 'intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts.'" *Huffman v. Saul Holdings Limited Partnership*, 194 F.3d 1072, 1079 (10th Cir. 1999) (quoting *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979). The notice of removability must be "unequivocal," and "the circumstances permitting removal must normally come about as a result of a voluntary act on the part of the Plaintiff." *Id.* (citing *DeBry*, 601 F.2d at 486-88).

23. Upon the face of Plaintiff's Petition, it establishes that Plaintiff seeks money damages in an amount in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. §1332.

24. Pursuant to the teachings of *Laughlin, supra*, the removing defendant bears the burden of establishing federal court jurisdiction at the time of removal. *Laughlin*, 50 F.3d at 873. State Farm and its counsel contend that the facts and reasons set forth above support removal.

25. Pursuant to LCvR 81.1, State Farm demands a jury trial and affirmatively states Plaintiff is put on notice of said demand.

26. Contemporaneously with the filing of this Notice of Removal, written notice has been served upon the Plaintiff and a copy of this Notice of Removal has been filed with the District Court of Oklahoma County, Oklahoma.

Respectfully submitted,

WILSON, CAIN & ACQUAVIVA
300 N.W. 13th Street, Suite 100
Oklahoma City, OK 73013
Telephone:  (405) 236-2600
Fax:             (405) 231-0062

  s/Joseph T. Acquaviva, Jr.
Joseph T. Acquaviva, Jr., OBA #11743
JTAcqua@aol.com
Frances J. Armstrong, OBA #12496
francesa@wcalaw.com
**ATTORNEYS FOR DEFENDANT,
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

_____    I hereby certify that on the ___ day of _____, _____, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:


___X___    I hereby certify that on the __15th__ day of February, 2013, I served the attached document by certified mail, return receipt requested, and by first class mail, with proper postage prepaid thereon to the following:

**VIA CERTIFIED MAIL AND FIRST CLASS MAIL**

| | |
|---|---|
| Terry E Bennett | Terry E Bennett |
| P. O. Box 44096 | 1425 S.W. 33rd Street |
| Oklahoma City, OK  73144 | Oklahoma City, OK 73119 |
| **PLAINTIFF PRO SE** | **PLAINTIFF PRO SE** |

                                                          s/Joseph T. Acquaviva, Jr.
                                                        Joseph T. Acquaviva, Jr.